IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEANETTE BLACKMON                                                                              PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 3:20-CV-739 HTW-LGI

UNITED STATES OF AMERICA and                                                          DEFENDANT
JOHN DOES A,B AND C

**ORDER**

Before this court is the motion of the Defendant United States of America [doc. no. 9] to dismiss this lawsuit for Plaintiff's failure to exhaust administrative remedies as required by 28 U.S.C. § 2675[1] of the Federal Tort Claims Act (hereinafter "FTCA").[2]  Plaintiff opposes the motion.  This matter has been fully briefed and this court now announces its ruling.

---

[1] **§ 2675. Disposition by federal agency as prerequisite; evidence**
**(a)** An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

[2] "The Federal Tort Claims Act (FTCA) allows a plaintiff to bring certain state-law tort claims against the United States for torts committed by federal employees acting within the scope of their employment." 28 U.S.C. §2674; see also §1346(b); *Brownback v. King*, 141 S. Ct. 740, 744, 209 L. Ed. 2d 33 (2021). The FTCA is codified at 28 U.S.C. §§ 1346, §2401(b), §§2671-2680.

**I. FACTUAL BACKGROUND**

Plaintiff Jeanette Blackmon (hereinafter "Blackmon"), was involved on November 26, 2018, in an automobile accident with Tanya Smart, an employee of the United States Postal Service (hereinafter "USPS"). Blackmon alleges that Tanya Smart was negligent in causing the accident. On January 2, 2019, Blackmon's attorney, Gerald Kucia (hereinafter "Attorney Kucia"), sent a letter of representation to the appropriate agency of the United States, USPS, notifying the agency of the accident and asking the agency to provide certain information. On January 10, 2019, Barbara Rivers (hereinafter "Rivers"), Tort Claims Coordinator for USPS, responded to the letter from Blackmon's attorney. She acknowledged receipt of his [Attorney Kucia's] letter, explained the procedure for processing a claim with the agency, enclosed a SF95 claim form and provided instructions for its completion.

Blackmon thereafter submitted her claim to USPS using the SF95, which was received by that agency on January 13, 2020. Blackmon, who is claiming damages for personal injury, did not attach supporting documentation with her form as requested in the instructions printed on the back of SF95.[3] On April 2, 2020, Rivers sent another letter to Attorney Kucia repeating the instructions for completing the form and again asking for the additional information needed from Plaintiff.

---

[3] The instructions included the following section:
"The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for ***personal injury*** or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred." [doc. no. 9-1 p.10] (emphasis added).

2

The additional information that Rivers requested related mostly to property damages (which Blackmon says she is not claiming), but it also listed several items needed in support of Blackmon's claim for personal injury, as follows:

> (6) In support of a claim for personal injury, the Postal Service requires medical documentation from the attending physician, as well as doctor bills showing the date of each treatment, the treatment given, and the cost of each treatment. The doctor's records should include the following information:
> - Name, age and address of patient;
> - History of condition and date and history of accident as described by the patient;
> - Result of x-rays and date taken;
> - Diagnosis, describing character and extent of injury;
> - Contributing factors, including any pre-existing condition having a bearing on the alleged injury; and
> - Prognosis, including the length of time of any partial disability and extent of such disability

*Letter from USPS* [doc. no. 9-1 p.12]

Plaintiff did not provide any additional information in response to this letter. On April 30, Kyle Harbaugh, Tort Examiner/Adjudicator with the USPS, sent another letter to Attorney Kucia requesting medical records and itemized bills for treatment. The letter advised Attorney Kucia that if the materials were not provided, USPS would be unable properly to evaluate the claim and would have to issue a denial. Plaintiff still did not provide any additional information in response.

Harbaugh sent yet another letter to Attorney Kucia on May 27, 2020, advising that before the matter could be considered for adjudication, the claim must be supported by competent evidence as defined within the SF95 claim form. Harbaugh's last letter of May 27, 2020, was sent approximately one month after the April 30, 2020 letter and almost two months after Rivers' letter of April 2, 2020, asking for medical information.

In addition to the regulations governing federal tort claims generally, Title 39 of the Code of Federal Regulations contains regulations specific to claims against the United States Postal

3

Service. In his letter of May 27, 2020, Harbaugh referred Attorney Kucia to 39 CFR § 912.8[4] which states that substantial evidence shall be submitted in support of the claim in order to exhaust the administrive remedy under the FTCA. Harbaugh also referred Attorney Kucia to 39 CFR 912.7,[5] which states a claimant may be required to submit additional evidence or information in support of a personal injury claim. As mentioned above, Plaintiff still provided no additional information in response.

Pursuant to 28 U.S.C. §2675(a),[6] after passage of six months from the date the claim is filed with the agency, or after the claim has been denied, a plaintiff may bring suit in federal

---

[4] Section 912.8 of the Code of Federal Regulations states as follows:
In order to exhaust the administrative remedy provided, a claimant shall submit substantial evidence to prove the extent of any losses incurred and any injury sustained, so as to provide the Postal Service with sufficient evidence for it to properly evaluate the claim.
39 C.F.R. §912.8

[5] Section 912.7 of the Code of Federal Regulations provides in part:
(b) Personal injury. In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:
> (1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request, provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made, or agrees to make available to the agency or another Federal agency. A copy previously or thereafter made of the physical or mental condition which is the subject matter of his claim.
> (2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized the report referred to in the first expenses.
> (3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.
> (4) If a claim is made for loss of time for employment, a written statement from his employment, whether he is a full- or part-time employee, and wages or salary actually lost.
> (5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence showing the amount of earnings actually lost.
> (6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

[6] See footnote 1.

4

court. *Id.* The six months for USPS to have finalized Blackmon's claim expired on or about July 13, 2020, without USPS having made an adjudication. Blackmon filed her Complaint in this federal district court on November 17, 2020. The two-year statute of limitations[7] for submission of a tort claim against the United States to the appropriate federal agency would have expired on or about November 26, 2020. USPS subsequently denied Blackmon's administrative claim by letter dated December 8, 2020. [doc. no. 9-1 p.17].

**II. ANALYSIS**

    A. Exhaustion of Remedies and Presentment of the Claim

    Title 28 U.S.C. §2675 (a) of the Federal Tort Claims Act requires that a plaintiff must exhaust all administrative remedies before filing suit against the United States for negligent or wrongful acts or omissions of its employees. He or she must present the claim to the appropriate federal agency, here the United States Postal Service, prior to filing a lawsuit. This is a jurisdictional prerequisite and failure to comply means the lawsuit cannot proceed. *Dept. of Public Safety v. United States,* 342 F. Supp 617,618 (S.D. Miss. 2004). *McNeil v. United States*, 508 U.S. 106 (1993); *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 223–23 (5th Cir.1989) ("Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the Tort Claims Act, and absent compliance with the statute's requirement [a] district court [is] without jurisdiction").

---

[7] **§ 2401. Time for commencing action against United States**
(a) Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.
(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The United States contends Blackmon has not exhausted all administrative remedies because she did not sufficiently present her claim to the USPS. Blackmon, says USPS, failed to provide sufficient information for the agency to investigate the claim. Therefore, the Government contends, this court does not have subject matter jurisdiction of this lawsuit and her claim must be dismissed.

The Fifth Circuit Court of Appeals has stated, in *Adams v. U.S.*, that the presentment requirement of §2675 is satisfied if the claimant: "(1) gives the agency written notice of his or her claim *sufficient to enable the agency to investigate* and (2) places a value on his or her claim." *Adams v. U.S.,* 615 F.2d 284, 289 (5th Cir. 1980). "The statutory purpose of requiring an administrative claim is 'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'" *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980). Presentment of the claim to the relevant federal agency before filing suit is thus required under the FTCA.

The Government says Blackmon's submission was incomplete for two reasons. First, the SF95 form was incomplete on its face. Secondly, the document was unaccompanied by any supporting documentation and, according to the United States, supporting documentation is required.

Plaintiff, on the other hand, says she appropriately completed the form SF95 and met the requirement of "minimal notice" established by *Adams v. United States,* 615 F.2d at 289 ("This requisite minimal notice, therefore, promptly informs the relevant agency of the circumstances of the accident so that it may investigate the claim and respond either by settlement or by defense") and *Rise,* supra.

As USPS points out, Blackmon left some items blank on the SF95 form, contrary to the instructions printed on the form itself, and contrary to the instructions provided in the letter of January 10, 2019, from USPS to Blackmon's attorney. Both documents contained the following language:

> (1) All sections of the form must be completed. In those areas requiring information that is not pertinent to your claim, please indicate same by remarks such as "Not Applicable (N/A)", "No", or "None". DO NOT LEAVE ANY SPACES BLANK;

*Letter of January 10, 2019* [doc. no. 9-1 p.7]; *Completed SF95* [doc. no. 9-1 p.10] (emphasis in originals).

A review of Plaintiff's SF95, as submitted, shows that all but two boxes were filled out. Plaintiff did not complete box "12a Property Damage," nor place "N/A" in that box, thereby failing to provide a property damage amount. Blackmon, though, says she is not pursuing property damages.

Moreover, Blackmon stated in box 12b that her personal injury claim was for $250,000 and in box 12d that the *total* of her claims was $250,000. This information could be read together with her statement in box 18, that "Safeco has taken care of property damage to the Pontiac G6," to reach the conclusion that Plaintiff was not making a claim for property damage, but only for personal injury. This is, in fact, what Blackmon states in her brief – that she is not seeking damages for injury to property. See [doc. no. 9-1 pp. 9-10]. Simply placing "N/A" in the property damage box, however, would have avoided any confusion.

The only other box left blank is box 17 which asked for the amount of the deductible on her automobile insurance. These two blank items, alone, do not make for an incomplete

submission. The Government, though, calls into question the sufficiency of the notice based primarily on Plaintiff's failure to attach any supporting documentation. The Government claims this lack of information resulted in the inability of the postal service to investigate Plaintiff's claim and, therefore, the submission did not meet the presentment requirement of §2675.

Blackmon acknowledges that she did not provide the supplementary information, but asserts that timely submission of the form SF95 was all that was required. Plaintiff states in her brief, "[t]he Defendant's request for supplementary documents goes beyond the requisite information needed to establish federal jurisdiction." *Plaintiff's Brief in Opposition* [doc. no. 17 p. 5].

Despite some blank items on the form, Blackmon provided some basic information. She filled in the date and the place the accident occurred, and gave a very brief description of how it occurred. She stated that Tanya Smart, who was traveling in the opposite direction, drove her vehicle over into Blackmon's lane. She provided the name of the federal worker or agent who allegedly hit her vehicle. She provided the make and model of her car, the name, address and policy number for her automobile insurer, and stated where her vehicle was currently located. She gave very limited information about her injuries ("injured neck, shoulders, back"), and stated the monetary amount of her personal injury claim as $250,000. [doc. no. 9-1 p. 9].

*Adams v. U.S.* is a leading case from the Fifth Circuit Court of Appeals on the issue of what constitutes satisfactory notice. *Adams v. United States*, 615 F.2d 284, 292 (5th Cir.), *decision clarified on denial of reh'g*, 622 F.2d 197 (5th Cir. 1980). In that case parents alleged that the Air Force physicians, who delivered their baby and provided prenatal care to

the mother, had negligently caused the child to suffer permanent brain damage. The claimants filed a SF95 without including supporting medical records. The claims officer for the Air Force then sent several letters to the parents requesting itemized medical bills and expenses, a statement of future expenses and a signed medical authorization. The claimants did not initially comply, contending that the Air Force had all the information necessary. The plaintiff's attorney subsequently returned the signed medical authorization, but no additional documents.

After six months passed without an adjudication from the Air Force, the parents filed suit in federal district court. That court dismissed the parents' lawsuit for failure to make a proper claim with the Air Force. The Fifth Circuit Court of Appeals reversed and remanded the case, finding that the plaintiffs had given the Air Force sufficient notice to enable them to maintain the action.

The Fifth Circuit based this conclusion, in part, on recognition of the difference between information required for notice, and information required for settlement purposes. Information required for settlement purposes pursuant to §2672 [8]goes beyond the notice

---

[8] § 2672. Administrative adjustment of claims
The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred: Provided, That any award, compromise, or settlement in excess of $25,000 shall be effected only with the prior written approval of the Attorney General or his designee. Notwithstanding the proviso contained in the preceding sentence, any award, compromise, or settlement may be effected without the prior written approval of the Attorney General or his or her designee, to the extent that the Attorney General delegates to the head of the agency the authority to make such award, compromise, or settlement. Such delegations may not exceed the authority delegated by the Attorney General to the United States attorneys to settle claims for money damages against the United States. Each Federal agency may use arbitration, or other alternative means of dispute resolution under the provisions of subchapter IV of chapter 5 of title 5, to settle any tort claim against the United States, to the extent of the agency's authority to award,

requirement of § 2675.  The Fifth Circuit Court stated, "[t]he Adams notified the agency of their claim and assigned a value to it.  This compliance is not erased merely because they did not obey the Air Force's demand that they provide additional information which would have been necessary for the administrative *settlement* of their claim." *Adams v. United States*, 615 F.2d 284, 292 (5th Cir.), *decision clarified on denial of reh'g*, 622 F.2d 197 (5th Cir. 1980) (emphasis added).

In *Adam*s, the relevant records had been prepared either by the Air Force physicians or by doctors at a different hospital where the Air Force had arranged for tests to be run on the infant.  Although there is some dispute as to how much information the Air Force had, the Court was persuaded it had access to most of the information it demanded from the plaintiffs.

> An agency's demand for anything more than a written and signed statement setting out the manner in which the injury was received, enough details to enable the agency to begin its own investigation and a claim for money damages is unwarranted and unauthorized. This is especially true if, as here, the agency already possesses most of the information it demanded.

*Adams v. United States*, 615 F.2d 284, 292 (5th Cir.) *decision clarified on denial of reh'g,* 622 F.2d 197 (5th Cir. 1980).

The *Adams* Court stated that the agency does not have the power to require that a claimant supplement his or her notice of claim, where that notice contained "enough details [about the underlying incident from which the complaint arose] to enable the agency to begin its own investigation." *Id*. at 292.  On a Petition for Rehearing the Court wrote a short *per curiam* opinion, "only to clarify one part of our prior opinion," the court said. *Id.* at 197.  The

---

compromise, or settle such claim without the prior written approval of the Attorney General or his or her designee.

Court then clarified that Adams did not present "a case where the notice of claim presented by the claimant in an executed standard form 95 was inadequate in content or detail." *Id.* !!!

Because the initial claim was not inadequate, the Fifth Circuit said, plaintiffs' failure to provide supplementary information was not fatal to their case.  The Fifth Circuit continued:  "We have not, however, intimated an opinion as to the effect, if any, a claimant's refusal to comply with an agency's reasonable request for supplemental information to clarify ***an inadequate claim*** would have on the issue of jurisdiction in a subsequent action for damages brought pursuant to the Federal Tort Claims Act." *Adams v. United States*, 622 F.2d 197 (5th Cir. 1980) (emphasis added).

Our inquiry *sub judice* has thus come full circle, back to the question of whether, in the case here, the original claim is an ***inadequate claim***, as contemplated by the Fifth Circuit in its Order denying rehearing in *Adams*. This court is persuaded that in the instant case, it is.

First, there was some confusion about whether the claimant was pursuing a claim for property damage, as well as for personal injury.  This could have been easily cleared up if plaintiff had responded to any of USPS's letters.  Secondly, the request for medical information is reasonable under the circumstances.  Plaintiff  demanded $250,000, but did not provide *any* basis for that amount.  Box 10 on the SF95 says "state the nature and extent of each injury or cause of death which forms the basis of the claim."  The complete text of Blackmon's response was: "injured person: Jeanette Blackmon injured neck, shoulders, back."  A plaintiff cannot simply provide an inadequate, bare bones claim, fail to cooperate, wait for a denial from the agency or for six months to pass, then file a lawsuit.  That is not "presentment" of the claim.

In *Beheler v. United States*, plaintiff, a police officer, allegedly injured his back on federal property belonging to the Resolution Trust Company (RTC) when he tripped and fell due to an alleged 'dangerous condition.' *Id.*, 66 F.3d 322 (5th Cir. 1995). Beheler, pursuant to the FTCA, filed an administrative claim with the RTC, but he purposefully or inadvertently, listed the wrong street address for the property where he was injured. The RTC realized it did not own the property stated by the claimant as the location where he fell and denied Beheler's claim, finding there was no basis to support the claim based on the documentation presented. Beheler filed suit in federal district court, but that court granted Defendant's motion to dismiss based on Beheler's failure to comply with the administrative claim requirement.

On appeal, the Fifth Circuit defined the issue as "whether the incorrect address provided by Beheler was sufficient to enable the agency to investigate the claim." *Id.* at 322. The appellate court agreed with the district court that it was not. Citing *Adams v. United States*, the Fifth Circuit Court reiterated that to be sufficient an administrative claim must provide "enough details to enable the agency to begin its own investigation …" *Id.* The Court further expounded, "to allow Beheler to alter the address submitted to the RTC, then file a lawsuit based on the new address, would frustrate this purpose because the RTC would not have had the opportunity to evaluate the claim prior to litigation." *Id*.

In *Cook v. United States,* 978 F.2d 164 (5th Cir. 1992), the Court stated: "Even though the requirements of § 2675 are minimal, an FTCA claimant must nonetheless provide facts sufficient to allow his claim to be investigated and must do so in a timely manner." In that case Plaintiff alleged that while he was an employee of USPS, he filed a complaint about USPS with the Occupational Safety and Health Administration ("OSHA"). He filed suit against OSHA under

12

the FTCA, claiming that an OSHA employee had informed USPS of his complaint, causing him to be subjected to retaliation and harassment on the job.

Cook's initial administrative claim did not provide the name of the OSHA employee, the names of the postal employees who allegedly harassed him, or any other specifics. He provided only a general account of the incident. He filed a Complaint in federal court after OSHA took no action for six months. His federal court Complaint also did not provide any specific information. That Complaint was dismissed by the district court for failure properly to present an administrative claim; but prior to the dismissal, Cook filed another SF95 to initiate another administrative claim. That claim, too, lacked any specifics.

It was not until Cook filed a second FTCA Complaint that he provided any details surrounding his claim. The district court again dismissed Cook's lawsuit for failure to provide OSHA sufficient information for it to begin investigating his claim. The Fifth Circuit, on appeal, found that Cook "failed to satisfy the requirements of § 2675 because he did not timely provide sufficiently specific information to OSHA about his claim." *Cook v. United States,* 978 F.2d 164, 166 (5th Cir. 1992).

The facts of *Montoya v. United States*, 841 F.2d 102, 104 (5th Cir.1988), are somewhat similar to the instant case. Plaintiff and her children were involved in a vehicular accident with a vehicle driven by an employee of the Immigration and Naturalization Service (INS"). Plaintiff's first claim form sought recovery for property damage and personal injury for herself only. The agency sent her the requested amount, but she never cashed the check. Subsequently, her lawyer wrote a letter to the agency listing the children as claimants and generally describing the nature of their injuries, as follows:

> Maria E. Montoya suffered injuries to her back, whiplash of the neck and multiple facial injuries. She also suffered property damages in excess of $1,500.00. Manuel

13

> Flores, Jr., suffered injuries to his knees, whiplash, and injuries to his head. Mary Ann Montoya suffered whiplash to the neck, a fractured rib and numerous head injuries. Catalina Benavides, also a passenger in the car, incurred injuries to her shoulder, back, whiplash, head and left arm. The injuries described above will be known in better detail once medical examinations have been completed.

*Montoya v. United States,* 841 F.2d 102, 103–04 (5th Cir. 1988).

INS responded to counsel's letter. The agency included copies of the SF95 for each claimant and requested supporting documentation for the injuries. Much like the case *sub judice,* neither Montoya nor her attorney responded to the agency's requests in any way. Over a year passed without any communication from the claimants.

Montoya eventually filed suit in federal district court. Plaintiff contended that counsel's letter satisfied the requirements of 28 U.S.C. § 2675(a). The district court disagreed and dismissed her claim without prejudice for failure to pursue administrative remedies, and the appellate court affirmed. The appellate court stated: "Unexplainedly the silence continued. Neither Ms. Montoya nor her counsel responsively communicated with the INS. We can glean no possible reason for this inaction from this record." *Id*. at 104. Also significant to the Fifth Circuit's decision in *Montoya,* was that the claimants, other than Ms. Montoya, did not place a value on their claims for damages, which is an essential requirement. See e.g., *Adams v. United States*, 615 F.2d 284, 292 (5th Cir.) decision clarified on denial of reh'g, 622 F.2d 197 (5th Cir. 1980).

We are not here faced with the same circumstance. Blackmon, in the instant case, placed a $250,00 value on her claim, but failed to provide any supporting documentation. It must be noted that the letter from Montoya's counsel, which was found deficient in that case, provided more detailed information about the injuries sustained by the *Montoya* claimants than

Blackmon's SF95 provided about her injuries in the instant case. Blackmon provided almost no information about her injuries, and she failed to provide any medical documentation.

The Fifth Circuit case of *Transco Leasing Corp. v. United States* is also illuminating. *Id.,* 896 F.2d 1435 (5th Cir 1990)*, amended in part on reh'g on other issues,* 905 F.2d 61 (5th Cir. 1990). Plaintiffs in that case contended that a mid-air collision between two private planes was due to the negligence of an air traffic controller, an employee of the Federal Aviation Administration ("FAA"). The district court entered partial summary judgment against the executor of the estate of one of the pilots, reasoning that the administrative claim form filed by the executor was defective and did not encompass the claims of the surviving wife and daughter.

In the space on the SF95 entitled "Name and Address of Claimant" was listed the following: "H. Dustin Fillmore, Attorney for Wichita National Bank, Independent Executor of the Estate of Jack Williams, 1414 Oil & Gas Building, Fort Worth, Texas 76102." The widow was listed under "Name and Address of Spouse, If Any," but she was not identified as the claimant, and Williams' daughter was not mentioned anywhere on the form. Letters testamentary were attached to the form, but also did not mention the widow and daughter. *Transco Leasing Corp. v. United States,* 896 F.2d 1435 (5th Cir 1990)*, amended in part on reh'g on other issues,* 905 F.2d 61 (5th Cir. 1990).

The United States argued, on appeal, that the district court did not have jurisdiction over the case because the administrative claim was deficient. The burden of identifying qualified claimants should not be placed on the government, it said, but on the one presenting claims on another's behalf. While the *Transco* Court found merit in the government's argument, the circumstances of this case did not warrant a jurisdictional bar, it said.

> The United States did not request that the [executor] supplement the information contained in the claim form. Had it done so, and had that information been withheld,

15

we would consider the issue left undecided by Adams: "the effect, if any, a claimant's refusal to comply with an agency's reasonable request for supplemental information to clarify an inadequate claim would have on the issue of jurisdiction."

*Transco Leasing Corp. v. United States,* 896 F.2d 1435, 1443 (5th Cir 1990)*, amended in part on reh'g on other issues,* 905 F.2d 61 (5th Cir. 1990).

The *Transo* court, like the *Adams* court, indicated that an FTCA claim might be barred where the plaintiff did not comply with the agency's request for supplemental information, provided the request was reasonable and clarification was needed for an inadequate claim. That is the situation with which we are here faced.

Here, Blackmon did not provide any medical information – no doctors' names, no description of the extent or nature of her injuries, no diagnoses, no prognosis. Unlike in *Adams v. United* states, *supra,* the Defendant did not have access to Plaintiff's medical records. In *Adams*, the Plaintiff's attorney did respond to Defendant's communications and complied with the request for medical authorizations. We have none of that in this case. Plaintiff did not even provide enough information for USPS to be able to verify that any physical injury occurred.

In the instant case, unlike in *Transco Leasing Corp.*, the Government *did* request supplemental information and that information was withheld. Plaintiff and her counsel chose to ignore the requests and did not provide any additional information about her damages. The requests were reasonable under the circumstances. Plaintiff ignored them at her peril. Blackmon's "refusal to comply with the agency's reasonable request for supplemental information to clarify an inadequate claim," negates her administrative claim and this lawsuit must be dismissed for failure to seek administrative relief. See *Id.,* at 1443.

In Plaintiff's brief, she notes that the statute of limitations has run, and that if the case is dismissed, she will be unable to re-file her claim. It is unfortunate that Plaintiff will not have her

16

day in court; however, Plaintiff chose not to pursue her administrative claim, risking dismissal of her lawsuit.

A timeline is attached to this Order as "Exhibit A" and incorporated herein. After receipt of the first letter and the SF95 from USPS, Plaintiff waited for one full year, or until January of 2020, to file the SF95 with USPS. Then, during the agency's numerous attempts to obtain medical information, Plaintiff remained silent, taking no further action until this lawsuit was filed on November 17, 2020, approximately ten months after filing the initial claim, and approximately one week prior to expiration of the statute of limitations. Any delay in resolving this case is due to the actions or inactions of Plaintiff or her counsel.

## III. CONCLUSION

For all the reasons stated herein, Defendant's motion to dismiss [doc. no. 9] is granted, and this case is dismissed without prejudice.

SO ORDERED AND ADJUDGED, this the 17th day of September, 2021.

                                                    s/ HENRY T. WINGATE
                                                  UNITED STATES DISTRICT JUDGE

| TIMELINE | BLACKMON V. UNITED STATES 3:20-CV-739 |
|---|---|
| <u>Date</u> | <u>Event</u> |
| November 26, 2018 | Car wreck with postal employee |
| January 2, 2019, | Blackmon's attorney sent a letter of representation |
| On January 10, 2019 | Barbara Rivers responded and sent SF95 to be completed |
| January 13, 2020 | USPS receives completed SF95 from Blackmon |
| April 2, 2020 | Rivers sent another letter to Attorney Kucia repeating instructions for SF95 and requesting additional information |
| April 30, 2020 | USPS sent another letter to Kucia requesting medical records and itemized bills for treatment |
| May 27, 2020 | USPS sent another letter to Blackmon's attorney advising that before the matter could be considered for adjudication it must be supported by competent evidence |
| July 13, 2020 | Marks passage of six months since claim was filed, with no action by USPS |
| November 17, 2020 | Blackmon filed suit in federal court (6 months had passed). |
| November 26, 2020 | Expiration of two-year statute of limitation |
| December 8, 2020 | USPS denied the claim for lack of information |

EXHIBIT A TO ORDER